FILED

1 | Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
2 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
3 | Seventeenth Floor
Los Angeles, California 90048-4920
4 | Telephone: (323) 852-1000
Facsimile: (323) 651-2577

10 JUN -7 PM 12: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

5

6 | Attorneys for CAPITAL NETWORK
FUNDING, DUSTIN WHITE and
BLAKE JOHNSON

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | AXIS CAPITAL, INC., a corporation,          CASE CV 10 4201-GHK (PJWx)

12 |                 Plaintiff,                  NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §

13 | v.                                          1441(b) (DIVERSITY)

14 | CAPITAL NETWORK FUNDING, a
California corporation dba CAPITAL
15 | NETWORK LEASING CORP. also dba
CAPNET LEASING; DUSTIN
16 | WHITE; BLAKE JOHNSON; Does 1-
100, Inclusive,
17
|                 Defendants.
18

19

20 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21 |       PLEASE TAKE NOTICE that Defendants Capital Network Funding, a

22 | California corporation dba Capital Network Leasing Corp. also dba Capnet Leasing

23 | ("Capnet"), Dustin White, Blake Johnson, and each of them (collectively

24 | "Defendants"), hereby remove to this Court the State Court action described below.

25 |       1.     On or about April 14, 2010, an action was commenced in the Superior

26 | Court of the State of California, County of Los Angeles (Burbank) and assigned to

27 | North Central Glendale, entitled Axis Capital, Inc., a California corporation,

28 | Plaintiff, v. Capital Network Funding, a California Corporation dba Capital Network

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

Leasing Corp. also dba Capnet Leasing; Dustin White; Blake Johnson; Does1-100, Inclusive, Defendants, Case No. EC 052759. A copy of the Complaint is attached hereto as Exhibit "A".

2.     Some of the Defendants received a copy of the Complaint on May 13, 2010. Not all of the Defendants were served with the Complaint. A copy of the Summons is attached hereto as Exhibit "B" but the Summons does not state who was served or on what date. Some of the Defendants were also served with a Notice of Order to Show Cause re Failure to Comply with Trial Court Delay Reduction Act, a copy of which is attached hereto as Exhibit "C". Some of the Defendants were also served with a copy of a Notice of Case Management Conference scheduled for September 1, 2010, a copy of which is attached as Exhibit "D".

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one of which may be removed to this Court by the Defendants pursuant to provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs because:

a.     At the time of the commencement of the action of the filing of this Notice of Removal, Plaintiff Axis Capital, Inc. was, and still is, a corporation organized under the State of Nebraska. Plaintiff fails to allege in the Complaint the state of Axis Capital, Inc.'s incorporation but attached hereto, marked Exhibit "E", and incorporated herein by this reference is a copy of the relevant corporate records. In addition, the various documents attached to the Complaint refer to choice of law being Nebraska law. The documents further refer to Axis Capital, Inc. being located at 308 North Locust Street, Grand Island, Nebraska.

b.     At the time of the commencement of the action and the filing of this Notice of Removal, all of the Defendants herein are residents of the State of California, County of Los Angeles. In addition, the Complaint alleges Capnet is a California corporation. There is no allegation in the Complaint as to the other

1  Defendants residing within the County of Los Angeles, State of California but the

2  individual Defendants, Blake Johnson and Dustin White, are residents of the County

3  of Los Angeles, State of California.

4         c.    Plaintiff seeks damages in the principal sum of $110,556.40 (see

5  paragraph 12, 16, and 19 of the Complaint and prayer, paragraphs 1 and 4).

6      4.    As a result of the foregoing, Plaintiff is a citizen of the State of

7  Nebraska, Defendants are citizens of the State of California and there is complete

8  diversity between the parties and the amount in controversy is more than

9  $75,000.00.

10      5.    This petition is filed within 30 days of service of Summons and

11  Complaint upon the Defendants and petitioners pursuant to Rule 6(a) of the Federal

12  Rules of Civil Procedure.  Accordingly, the time for filing this petition under 28

13  U.S.C. § 1446 has not expired.

14      6.    For purposes of removal, the citizenship of Doe Defendants is to be

15  disregarded pursuant to 28 U.S.C. § 1441(a).

16      7.    Attached hereto, marked Exhibit "F" is a copy of a Notice of Adverse

17  Party of Removal from State Court to Federal Court which will be filed after a case

18  number in this Court has been issued by the Clerk.

19      WHEREFORE, it is requested that the above action now pending in the

20  Superior Court of the State of California for the County of Los Angeles, which is

21  now assigned to the North Central Glendale Court, Case No. EC 052759 be

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

714059.1 | 100573-0001

3

1  removed from that Court to the United States District Court for the Central District

2  of California, Los Angeles Division.

3

4  DATED: June 4, 2010          FRANDZEL ROBINS BLOOM &
                                CSATO, L.C.
5

6

7

8                              By: _____
                                ANDREW K. ALPER
9                               Attorneys for CAPITAL NETWORK
                                FUNDING, a California corporation dba
10                              CAPITAL NETWORK LEASING CORP.
                                also dba CAPNET LEASING; DUSTIN
11                              WHITE and BLAKE JOHNSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

714059.1 | 100573-0001

# EXHIBIT A

1  STEPHEN E. JENKINS, ESQ., SBN 97642
   **HEMAR, ROUSSO & HEALD, LLP**
2  15910 Ventura Boulevard
   12th Floor
3  Encino, California  91436
   Telephone:  (818) 501-3800
4  Facsimile:  (818) 501-2985

5  Refer to File Number:3527/20101324-SEJ

6  Attorneys for Plaintiff

Case assigned to North Central Glendale, 600 E. Broadway, Glendale, CA., for all further Proceedings.

7

8                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                             **COUNTY OF LOS ANGELES**

10                        **(BURBANK)**      EC 052759

11  AXIS CAPITAL, INC. , a corporation,      )   CASE NO.
                                             )
12                                           )   COMPLAINT FOR MONEY
                   Plaintiff,                )
13                                           )   1. Breach of Written Recourse Agreement
    vs.                                      )   2. Account Stated
14                                           )   3. Indebtedness
    CAPITAL NETWORK FUNDING, A               )
15  California Corporation dba CAPITAL       )   Unlimited Jurisdiction
    NETWORK LEASING CORP. Also dba           )
16  CAPNET LEASING; DUSTIN WHITE;            )
    BLAKE JOHNSON; Does 1-100, Inclusive;    )
17                                           )
                   Defendants.               )
18                                           )
                                             )
19  _____ )

20                            **FIRST CAUSE OF ACTION**

21                   **(Breach of Written Recourse Agreement**

22                            **against All Defendants)**

23          At all times mentioned herein, Plaintiff AXIS CAPITAL, INC., a  corporation (hereinafter

24  "Plaintiff" or "AXIS") , was and now is a corporation, duly organized and existing under and by virtue

    of the laws of the State of its incorporation.
25
            1.      The true names and capacities of Defendants, Does 1-100, inclusive, are
26
    unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names.
27
    Plaintiff is informed and believes and thereon alleges that each defendant named as a Doe is
28

                                                1
                                     COMPLAINT FOR MONEY

1   responsible for each and every obligation hereinafter set forth.

2         2.     Plaintiff is informed and believes, and thereon alleges, that each defendant

3   named in this complaint was, at all times herein mentioned, and now is, the agent and employee of

4   each of the other Defendants herein, and was at all such times acting within the course and scope of

5   said agency and employment.

6         3.     Pursuant to <u>Code of Civil Procedure</u> § 395.5, Plaintiff alleges that the subject

7   underlying contract was made, was to be performed and the resulting obligation arises within the

8   above-entitled Judicial District and County.  The obligation sued upon is commercial in nature and is

9   not subject to the provisions of <u>Civil Code</u> § 2984.4, nor <u>Civil Code</u> § 1812.10.

10        4.     Plaintiff alleges that Defendant CAPITAL NETWORK FUNDING SERVICES

11  (hereinafter "Defendant" or "CAPITAL") was and is now a corporation, duly organized and existing

12  under and by virtue of the laws of the state of California, having its principal place of business in

13  Burbank, California. Plaintiff is informed and believes and based thereon alleges that CAPITAL does

14  business under the fictitious names CAPITAL NETWORK LEASING CORP and CAPNET

15  LEASING.

16        5.     On or about April 13, 2004, Defendants CAPITAL, DUSTIN WHITE, AND

17  BLAKE JOHNSON and Plaintiff AXIS entered into a written LEASE ORIGINATION AGREEMENT

18  AND GUARANTEE  (hereinafter "LEASE ORIGINATION AGREEMENT") wherein CAPITAL

19  agreed from time to time to submit applications to Plaintiff for the financing of certain lease

20  transactions, with CAPITAL retaining either an ownership interest in and to the subject leased

21  equipment or an interest in and to a specified lease residual upon the timely completion of the subject

22  leases at maturity.  A true and correct copy of the LEASE ORIGINATION AGREEMENT is attached

23  hereto as Exhibit "1" and incorporated herein by this reference as though set forth in full.

24        6.     Thereafter on or about February 19, 2008, under the express terms of the Exhibit

25  "1" LEASE ORIGINATION AGREEMENT Plaintiff approved CAPITAL's application to provide

26  equipment lease financing to K & S Transportation LLC, and thereby entered into said written

27  equipment lease as lessor. Specifically, on or about July 15, 2004  Plaintiff received CAPITAL's

28

2

COMPLAINT FOR MONEY

1   application to provide equipment lease financing to K & S Transportation LLC as lessee. The Lease

2   application documentation included an invoice from Lufkin Trailers of Alabama ("Lufkin") in the sum

3   of $109,655.00 for the Equipment subject to the proposed lease, and a description of the equipment to

4   be leased (the "Lufkin Trailers Invoice"). Based upon the Lease Application and Invoice, a Lease

5   Agreement was entered into by AXIS, as lessor, and K & S Transportation, LLC as Lessee. A copy of

6   the Lease, and the Lufkin Invoice are attached hereto as Exhibits "2" and "3" and incorporated by this

7   reference as if set forth in full.

8         7.        Theretofore and thereafter, Plaintiff AXIS, as lessor, duly performed or was

9   excused from performing all terms and conditions of the various equipment leases, on their part to be

10  performed. Specifically, in reliance upon the Lufkin Invoice and the Lease, AXIS paid Lufkin

11  $109,655.00 for the equipment and $_____ to CAPITAL, and entered into the Exhibit "2"

12  Lease.

13        8.        AXIS is informed and believes, and based thereon alleges that Lufkin did not

14  have ownership or title to the equipment set forth in the Lufkin Invoice. AXIS is further informed and

15  believes and thereon alleges that although the invoice from Lufkin (Exhibit "3") has been paid in full

16  by AXIS, Lufkin failed to pay the manufacturer of the Trailers set forth in the Exhibit "3" Lufkin

17  Invoice. In addition, Plaintiff is further informed and believes and thereon alleges that the

18  Manufacturer of the Trailers listed in the Exhibit "3" Lufkin Invoice has taken possession of the

19  Trailers and refuses to release them to K & S Transportation.

20        9.        As a result of the repossession and failure to transfer perfected title, K & S

21  Transportation has refused to perform under the Exhibit "2" Lease claiming that the agreement is

22  unenforceable.

23        10.       Before, during and subsequent to Plaintiff's approval to provide financing for

24  the Exhibit "2" lease, CAPITAL took certain actions as set forth above which constituted the breach of

25  several specific representations and warranties of the Exhibit "1" LEASE ORIGINATION

26  AGREEMENT, including, but not limited to, the warranties set forth in paragraph 5 of the LEASE

27  ORIGINATION AGREEMENT.

28

11.    On February 18, 2010, Plaintiff notified Defendant, in explicit detail, in writing of the above-described breaches of the Exhibit "1" LEASE ORIGINATION AGREEMENT.  A true and correct copy of the letter is attached hereto as Exhibit "4" and incorporated herein by this reference as if set forth in full.  As a result of Defendant's breach of the Exhibit "1" LEASE ORIGINATION AGREEMENT, Plaintiff has suffered damages in the cumulative principal amount of  $110,556.40.

12.    Although demand therefore has been made, no part of said sum has been paid. As a result, there is now due, owing and unpaid from Defendant CAPITAL, and each of them, to Plaintiff the principal sum of $ 110, 556.40 together with interest thereon.

13.    The LEASE ORIGINATION AGREEMENT provides for the payments of reasonable attorney's fees should legal action be instituted to enforce the claims of Plaintiff thereof. Plaintiff AXIS has retained the Law Offices of HEMAR, ROUSSO & HEALD, LLP for the purpose of this action and is therefore entitled to an award of its reasonable attorney's fees.

## SECOND CAUSE OF ACTION

### (Account Stated )

14.    Plaintiff refers to the allegations, inclusive, of its First Cause of Action, and by this reference incorporates the same herein as though fully set forth.

15.    Within four years last past, an account was stated by and between Plaintiff and Defendants, and each of them, wherein it was agreed that said Defendant CAPITAL was indebted to Plaintiff in the total principal sum of $110,556.40.

16.    No part of said sum has been paid, although oral and written demand therefor has been made and there is now due, owing and unpaid from Defendants, and each of them, to Plaintiff the sum of $110,556.40. together with interest thereon at the rate of ten percent (10%) per annum.

17.    Plaintiff further requests reasonable attorney's fees pursuant to <u>Civil Code</u> § 1717.5.

///
///

4

COMPLAINT FOR MONEY

<em>8</em>

## THIRD CAUSE OF ACTION

### (Indebtedness )

18.    Plaintiff refers to the allegations, inclusive of its First, Second, Third and Fourth Causes of Action, and by this reference incorporates the same herein as though fully set forth.

19.    Defendants, and each of them, are indebted to Plaintiff in the sum of $110,556.40. together with interest thereon at the rate of ten percent (10%) per annum.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them:

### AS TO THE FIRST CAUSE OF ACTION

1. For the principal sum of $110,556.40.;

2. For interest thereon at the contract rate;

3. For reasonable attorney's fees.

### AS TO THE SECOND CAUSE OF ACTION

4. For the principal sum of $110,556.40.;

5. For interest thereon at the rate of ten percent (10%) per annum.

### AS TO ALL CAUSES OF ACTION

6. For costs of suit incurred herein;

7. For such other and further relief as the court deems just and proper.

DATED: April 5, 2010                    HEMAR, ROUSSO & HEALD, LLP


By:_____
        STEPHEN E. JENKINS
        Attorneys for Plaintiff

**COMPLAINT FOR MONEY**

# Exhibit "1"

# LEASE ORIGINATOR AGREEMENT & GUARANTY

This Agreement sets forth the agreement between AXIS Capital, Inc., Capital Network Leasing Corp. (hereinafter "Lease Originator"), Dustin White and Blake Johnson (hereinafter collectively referred to as "Guarantors") with respect to any transactions submitted to AXIS Capital, Inc. by Lease Originator. The parties hereby agree as follows:

1.  Scope. This Agreement applies to all transactions submitted by Lease Originator to AXIS Capital, Inc. until such time as this Agreement is terminated or superseded by another agreement.

2.  Disclosure of Information. Lease Originator shall, in connection with each transaction submitted, fully inform AXIS Capital, Inc. as to all material information known to Lease Originator concerning the transaction, including, but not limited to, information regarding the proposed lessee and the proposed lessee's credit worthiness, any vendor, and the equipment to be leased. This duty extends to any changes occurring or discovered after the transaction has been submitted.

3.  Documentation. All transactions shall be documented to AXIS Capital, Inc.'s complete satisfaction in form acceptable to AXIS Capital, Inc., in AXIS Capital, Inc.'s sole discretion.

4.  Notices to Applicants. In the event that federal laws and regulations require, with respect to any submitted transaction, that certain notices be provided to proposed lessees, including but not limited to disclosure of the right to request specific reasons for credit denial and notice of action taken and statement of reasons for such, Lease Originator warrants that all such notices will have been provided to the proposed lessee, or will be provided at the appropriate time, as prescribed.

5.  Lease Originator Warranties. Lease Originator hereby warrants, with regard to each transaction to be submitted, as follow:

    a.  That each lease submitted is a bona fide obligation of the respective lessee and any co-lessees and will be valid and enforceable according to its terms. Any guarantees thereof will be bona fide obligations of the guarantors and will be valid and enforceable according to their terms. All documents provided in connection with each transaction shall be duly executed by the appropriate parties, who will have been duly authorized to execute same, and will be enforceable in accordance with their terms;

    b.  All leases to be submitted will be for business or commercial purposes only and not for personal, family, or household purposes.

    c.  Each lease shall be the sole and complete agreement with regard to the leases of the equipment, and there will be no other agreements in force as a result of representations or warranties made by Lease Originator, with respect to the equipment or the lease thereof.

    d.  In the event that a transaction submitted to AXIS Capital, Inc. is "rebrokered", as that term is generally understood in the industry, Lease Originator will have identified to AXIS Capital, Inc. any parties from whom Lease Originator accessed the transaction. Without limiting the generality of the foregoing, the term "rebrokered" includes all transactions submitted wherein it is contemplated that any remuneration will be paid by Lease Originator to any party other than Lease Originator's employees, in the event that the transaction is accepted by AXIS Capital, Inc. Failure to disclose a third party who is to be so compensated will constitute a breach of this Lease Originator Agreement.

    e.  That the person signing this agreement has the authority to do so.

    f.  That every signature on any document submitted to AXIS Capital, Inc. is an actual signature of the signor.

g.      That there has been no fraud on the part of any direct or indirect party to any lease which has been submitted to AXIS Capital, Inc.

h.      The Lease Originator is independent of the equipment vendor and the lessee, and any and all transactions between the Lease Originator, equipment vendor, and lessee have been negotiated and consummated at arms length.

6.      Breach of Warranty or Representation.  If any of the above warranties or representations or any other covenant, obligation or duty is breached by the Lease Originator, then, upon AXIS Capital, Inc.'s demand, upon 15 days written notification from Axis Capital, Inc. , Lease Originator and Guarantors will repurchase any lease to which the breach relates. The repurchase price in each case shall include the unpaid balance of such lease, plus AXIS Capital, Inc.'s expenses ( including attorneys' fees ) incurred to enforce the lease or this agreement.

7.      Authority of Lease Originator.  Lease Originator is, and shall act as, an independent contractor, and as such, shall have no authority to incur any obligations or to make any statements or representations on behalf of AXIS Capital, Inc., or to bind or commit AXIS Capital, Inc. in any manner, or make, alter or execute any document or agreement on behalf of AXIS Capital, Inc. Lease Originator shall not use AXIS Capital, Inc.'s name or any of AXIS Capital, Inc.'s trademarks as part of its firm, trade or corporate name. Lease Originator shall not accept service of any legal process in any action, which may be brought against AXIS Capital, Inc., or employ attorneys to defend such.  You will promptly send AXIS Capital Inc., any payments or correspondence from lessee or other persons in regards to any lease transaction.

8.      Acts of Representatives.  It is understood by Lease Originator that all of its duties and responsibilities arising out of this agreement extend as well to anyone acting on Lease Originator's behalf. Lease Originator specifically understands that in the event that it delegates any of its functions, such as obtaining documentation or making other arrangements with regard to a transaction to others, including vendors or other Lease Originators, Lease Originator is still fully responsible for any and all such actions as if Lease Originator had taken such actions itself.

9.      Indemnity.  Lease Originator shall indemnify and hold AXIS Capital, Inc. harmless from and against any and all expense, injury and damage, including reasonable attorney fees, which AXIS Capital, Inc. may incur, pay or suffer as a result of acts of Lease Originator, its principals, employees or representatives.

10.     Compensation of Lease Originator.  In return for Lease Originator's efforts in connection with any transaction submitted by Lease Originator and accepted by AXIS Capital, Inc., AXIS Capital, Inc. shall, if the transaction is at AXIS Capital, Inc.'s standard rates for transactions of similar size and risk, pay Lease Originator AXIS Capital, Inc.'s standard Lease Originator fee thereon in accordance with AXIS Capital, Inc.'s then current Lease Originator fee schedule.

11.     Expenses of Lease Originator.  AXIS Capital, Inc. shall not be liable for any expenses incurred by Lease Originator in connection with any transaction submitted by Lease Originator.  Any and all such expenses shall be Lease Originator's sole responsibility.

12.     Duration of Agreement.  This agreement shall be effective at the time of its execution by AXIS Capital, Inc. and shall continue in effect until terminated by either party upon written notice. The rights and obligations of the parties hereunder with respect to transactions originated prior to termination of this agreement shall survive such termination.

13.     Qualification of Lease Originator.  Lease Originator shall from time to time, upon request by AXIS Capital, Inc., submit information to AXIS Capital, Inc. as AXIS Capital, Inc. deems appropriate in order to assure that Lease Originator meets AXIS Capital, Inc.'s standard with respect to qualification to transact business with AXIS Capital, Inc.

14. <u>Choice of law and Venue; Arbitration; Attorney Fees</u>. This Agreement shall not be effective *until signed* by AXIS Capital, Inc. in its office in the State of Nebraska. This Agreement shall be considered to have been made in the State of Nebraska and shall be interpreted in accordance with the laws and regulations of the State of Nebraska. Lease Originator agrees to Nebraska jurisdiction with respect to any action, suit or proceeding arising out of this Agreement, and concedes that it, and each of them, transacted business in the State of Nebraska by entering into this Agreement. Any controversy or claim arising out of or related to this Agreement or the breach thereof, shall be settled by arbitration, in accordance with the rules then obtaining of the American Arbitration Association, an judgment upon the award rendered may be entered in any court of the forum, state or federal, having jurisdiction. In the event of legal action or arbitration to enforce the terms of this Agreement, Lease Originator agrees that venue may be laid in Hall County, Nebraska.

If enforcement action is taken by AXIS Capital, Inc. to enforce any term of this Agreement, the prevailing party in such action shall be entitled to a reasonable attorney fee, including attorney fees incurred at trial, on appeal and review, or incurred without actions, suits or proceedings, together with all costs and expenses incurred in pursuit thereof.

Agreed to by and between the undersigned parties this 18th day of _____ Jan. _____, 20 08

LEASE ORIGINATOR: Capital Network Leasing Corp.

By _____   Title _CEO_

By _____   Title _____

GUARANTOR: Dustin White

By _____   Title _Ceo_

GUARANTOR: Blake Johnson

By _____   Title _PRESIDENT_

AXIS Capital, Inc.

By _____   Date _11/31/08_

Lease Originator Agreement--Page 3 of 3

Exhibit "2"

14

**AXIS CAPITAL INC ("Secured Party")**

308 NORTH LOCUST STREET
GRAND ISLAND NE 68801

Agreement Number / Customer Number
917609 / 014956

| A. Debtor: | Supplier: |
|---|---|
| K & S TRANSPORTATION, LLC | LUFKIN TRAILERS OF ALABAMA |
| 90330 HWY 9 | 26 SAINT MARY ROAD |
| LINEVILLE AL 36266 | LINCOLN AL 35096 |
| CORNELIA KERLEY | |

**B. Collateral** (Quantity, Description & Serial No.)
Equipment Description: (and/or as described in invoice(s) or equipment list attached hereto and made a part hereof collectively, the "Equipment")
Location: 90330 HWY 9, LINEVILLE, AL 36266

**C. Schedule of Payments:**

| Initial Term (in Months) | Total Number Of Payments | Amount of Each Payment | Total Initial Payment | $5,458.34 | Total Advance Amount |
|---|---|---|---|---|---|
| 60 | 60 | $2,729.17 | First: $2,729.17 | Doc. Fee: $430.00 | $5,888.34 |
| | | | Last: $2,729.17 | Deposit: $.00 | |

**D. DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES. THERE ARE NO WARRANTIES BY OR ON BEHALF OF SECURED PARTY AND NEITHER THE SUPPLIER NOR ANY OTHER PARTY IS SECURED PARTY'S AGENT. DEBTOR ACKNOWLEDGES AND AGREES BY ITS SIGNATURE BELOW AS FOLLOWS: (A) SECURED PARTY MAKES NO WARRANTIES EITHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE COLLATERAL, ITS MERCHANTABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE, ITS DESIGN, ITS CONDITION, ITS CAPACITY, ITS QUALITY, OR WITH RESPECT TO ANY CHARACTERISTICS OF THE COLLATERAL; (B) DEBTOR ACCEPTS COLLATERAL "AS IS" AND WITH ALL FAULTS; (C) DEBTOR ACKNOWLEDGES THAT THE COLLATERAL WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES; (D) IF THE COLLATERAL IS NOT PROPERLY INSTALLED, DOES NOT OPERATE AS REPRESENTED OR WARRANTED BY THE SUPPLIER OR MANUFACTURER, OR IS UNSATISFACTORY FOR ANY REASON, REGARDLESS OF CAUSE OR CONSEQUENCE, DEBTOR'S ONLY REMEDY, IF ANY, SHALL BE AGAINST THE SUPPLIER OR MANUFACTURER OF THE COLLATERAL AND NOT AGAINST SECURED PARTY; (E) DEBTOR SHALL HAVE NO REMEDY FOR CONSEQUENTIAL OR INCIDENTAL DAMAGES AGAINST SECURED PARTY; AND (F) NO DEFECT, DAMAGE OR UNFITNESS OF THE COLLATERAL FOR ANY PURPOSE SHALL RELIEVE DEBTOR OF THE OBLIGATION TO MAKE PAYMENTS OR RELIEVE DEBTOR OF ANY OTHER OBLIGATION UNDER THIS AGREEMENT.**
**E. Amendments: No term or provision of this Agreement may be amended, altered, waived or discharged except by a written instrument signed by all parties to this Agreement.**

THIS AGREEMENT, THE TERMS OF WHICH HAVE BEEN FREELY NEGOTIATED BY EACH PARTY, IS SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE OR FOLLOWING PAGE WHICH ARE MADE A PART HEREOF AND WHICH DEBTOR AND SECURED PARTY ACKNOWLEDGE THEY HAVE READ AND ACCEPTED. BY EXECUTION OF THIS AGREEMENT, THE UNDERSIGNED HEREBY CERTIFIES THAT HE/SHE IS AUTHORIZED BY DEBTOR TO APPROVE EQUIPMENT AND TO APPROVE, EXECUTE AND DELIVER TO SECURED PARTY A FINANCE AGREEMENT AND SUCH DOCUMENTATION AND ACTION COVERING SUCH EQUIPENT AS NECESSARY TO EFFECTUATE AND PERFORM SUCH FINANCE AGREEMENT.

**THIS IS A NON-CANCELABLE AGREEMENT.**

Secured Party: AXIS CAPITAL INC
By: Melinda Krueger
Title: Asst. Sec.

Debtor: K & S TRANSPORTATION LLC
Signature: *Cornelia Kerley*
Title: MEMBER

Guaranty: In consideration of AXIS CAPITAL INC, its successors and assigns ("Secured Party"), entering into this Financing Agreement ("Agreement"), the person(s) or individual(s) executing this Guaranty ("Guarantor," whether one or more) unconditionally and irrevocably guaranty to Secured Party, the prompt payment and performance of all obligations of the Debtor. Guarantor agrees that this is a guaranty of payment and not of collection, and that Secured Party can proceed directly against Guarantor without first proceeding against Debtor or against the Collateral covered by the Agreement. Guarantor waives all defenses and notices, including those of protest, presentment and demand. Guarantor agrees that Secured Party can renew, extend or otherwise modify the terms of the Agreement and Guarantor will be bound by such changes. If Debtor defaults under the Agreement, Guarantor will immediately perform all obligations of Debtor under the Agreement, including but not limited to, paying all amounts due under the Agreement. Guarantor will pay to Secured Party all expenses (including attorneys' fees) incurred by Secured Party in enforcing Secured Party's rights against Guarantor. This Guaranty will not be discharged or affected by the death, dissolution, termination, bankruptcy or insolvency of Debtor or Guarantor and will bind Guarantor's heirs, personal representatives, successors and assigns. If more than one Guarantor has signed this Guaranty, each Guarantor agrees that his/her liability is joint and several. Guarantor authorizes Secured Party or any of Secured Party's designees to obtain and share with others credit bureau reports regarding Guarantor's personal credit, and make other credit inquiries that Secured Party determines are necessary. THIS GUARANTY IS GOVERNED BY THE LAWS OF THE STATE OF NEBRASKA. GUARANTOR CONSENTS TO THE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN NEBRASKA OR IN ANY OTHER STATE WHERE SECURED PARTY HAS AN OFFICE. GUARANTOR EXPRESSLY WAIVES ANY RIGHT TO A TRIAL BY JURY.

Guarantor Signature: *Cornelia Kerley*
CORNELIA KERLEY

Guarantor Signature: *Timothy W. Kerley*
TIMOTHY KERLEY

Certificate of acceptance: The undersigned Debtor certifies to Secured Party that all items of Collateral referred to above or on the attachment(s) hereto have been received and irrevocably accepted by the Debtor and were at the time of receipt in good order and condition and acceptable to use. Debtor approves payment by Secured Party to the Supplier. Debtor hereby certifies that Secured Party has fully and satisfactorily performed all covenants and conditions to be performed by it under the Agreement. Debtor agrees to enforce, in its own name, all warranties, agreements or representations, if any, which may be made by the Supplier in respect to the Collateral.

Date: 2-19-08

*Cornelia Kerley*
CORNELIA KERLEY, MEMBER

**REQUEST FOR ELECTRONIC PAYMENT**
Please attach a voided check from the account to be debited

The undersigned hereby authorizes and requests Secured Party to initiate electronic debit entries (and credit entries and adjustments for any debit entries in error) or effect a charge by any other commercially accepted practice to the account indicated below in the financial institution named below ("Depository"). The undersigned hereby authorizes and requests the Depository to honor the debit entries initiated by Secured Party. This authorization is for payments due under the referenced Agreement. This authority is to remain in force until such time as all amounts due under the Agreement are paid in full or until Secured Party and Depository have received written notification from the undersigned terminating this authorization in such time and manner as to afford Secured Party and Depository a reasonable opportunity to act on it.

Customer Name Printed: K & S TRANSPORTATION, LLC
Depository Name and Branch: ✔ First State Bank
Depository Address (city & state): ✔ Lineville, AL 36266
Depository Telephone Number: ✔ 256-396-2187

Agreement Number: ✔ 917609
Account Number: ✔ 43030939
Customer Signature: *Cornelia Kerley*

Page 1 of 2

TERMS AND CONDITIONS

Agreement Number: _9176009_

**1. Definitions; Reports:** The words "you" and "your" refer to the DEBTOR, its successors and assigns, as shown on the reverse side or preceding page, as applicable (the "first page"). The words "we", "us" and "our" refer to the SECURED PARTY, its successors and assigns, as shown on the first page. You authorize us and our designees to obtain investigative credit reports, regarding you and each guarantor, from a credit bureau or a credit agency and to investigate the references given on any statement or data obtained and to share such reports with others.

**2. Acceptance:** We agree to lend to you, and you agree to borrow from us, an amount for the purchase of: equipment, fixed, products, software, services, and other personal property described or referenced on the first page ("Collateral"). For the term shown on the first page ("Initial Term"). We shall have no obligations hereunder until we accept and sign this Agreement at our offices. If this Agreement is executed by you and thereafter sent to us by facsimile transmission, then until such time as we have received the Agreement with your manual signature thereon, each facsimile transmission shall constitute, upon acceptance and execution by us in our offices, the original Agreement and chattel paper and shall be admissible for all purposes as the original Agreement. You agree to promptly forward to us the Agreement with your manual signature thereon and upon receipt by us of the Agreement with your manual signature thereon shall constitute the chattel paper in lieu of such facsimile transmission.

**3. Security Interest:** You hereby grant to us a security interest under the Uniform Commercial Code ("UCC") in the property described or referenced as Collateral and all accessions and additions thereto and replacements thereof and all proceeds and products of the foregoing (collectively, the "Collateral" and individually in "lien" or "item of Collateral"). Such security interest is granted to secure payment and performance by you of your obligations hereunder and under any other present or future agreement with us.

**4. Payments:** You promise to pay us the payments shown on the first page, in advance, commencing as of the first day of the Initial Term and continuing on the first day of each month in which a payment is due, without need of an invoice; provided, as indicated in the Schedule of Payments, the payments indicated in the Total Initial Payment shall be paid upon your execution of this Agreement. We reserve the right to increase the payment shown in the Schedule of Payments by up to 15% or to decrease it without first to reflect changes in the final amounts paid to the Supplier or amount borrowed. Any such adjustment shall be reflected on a subsequent invoice to be sent to you within 30 days. We also reserve the right to either insert or correct the Agreement Number, Dealer Name, Dealer Address, Equipment Location and Signature Date. If the contemplated transaction is not consummated, the Total Initial Payment may be retained, by us, as partial compensation for costs and expenses incurred in preparation for the transaction. On the first day of the Initial Term you agree to pay us accrued interest on the principal amount that has been previously advanced, hereunder, by us at the implicit contract rate for this Agreement. Your obligation to make payments and pay other amounts hereunder is absolute and unconditional and not subject to abatement, reduction or set-off for any reason whatsoever. If the date on which all payments have been made to the Supplier for the Collateral is the first day of a calendar month, then the Initial Term shall commence on such date; otherwise, the Initial Term shall commence on the first day of the following calendar month; and in each case the Initial Term shall continue for the number of months indicated on the first page. The Deposit shown on the first page shall not bear interest and we may apply the Deposit to cure any default, in which event you will promptly restore the Deposit to its full amount. After all of the obligations under this Agreement are fully paid and performed, any remaining balance of the Deposit shall be refunded to you.

**5. Location:** You agree to maintain records showing the location of each item of Collateral. You shall report such location to us upon our request. Your failure, to maintain records showing the location of each item of Collateral and/or to report the location of each item of Collateral shall constitute a default.

**6. Maintenance; Installation:** You are responsible for installing and keeping the Collateral in good working order. You shall not make any alterations, additions or improvements to the Collateral, which detract from its economic value or functional utility. All additions and improvements made to the Collateral shall be deemed accessions thereto, and shall not be removed if removal would impair the Collateral's economic value or functional utility. If the Collateral is damaged or lost, you agree to continue making scheduled payments unless you pay the Casualty Value pursuant to Section 13.

**7. Insurance:** You agree to keep the Collateral fully insured against loss until this Agreement is paid in full and to have us named as loss payee. You also agree to obtain a general public liability insurance policy from anyone who is acceptable to us, with minimum limits of $250,000/$500,000 for bodily injury and property damage coverage equal to or greater than the retail replacement value of the collateral. You agree to provide us with certificates or other evidence of insurance acceptable to us, before the Initial Term begins, and during the term. If at any time you have failed to deliver to us a valid certificate of insurance reflecting such insurance as being in effect, then we will have the right, but no obligation, to have such insurance protecting us placed for the term of the Agreement, at your expense; and if so placed, we will add to your payment and you will pay us our costs of obtaining such insurance and any customary charge or fees of ours or our designee associated with such insurance together with interest thereon at the maximum rate permitted by applicable law.

**8. Taxes and Fees:** You agree to pay when due or reimburse us for all taxes, fees, fines and penalties relating to use or ownership of the Collateral or to this Agreement, including documentary stamp taxes, now or hereafter imposed, levied or assessed by any federal, state or local government or agency. If any federal, state, county or local government or agency requires any taxes, charges or fees to be paid in advance, and we pay such taxes, charges or fees, we reserve the right to adjust the payment shown in the Schedule of Payments, to reflect the payment of such taxes, charges or fees. Any such adjustment shall be reflected on a subsequent invoice to be sent to you within 30 days.

**9. Software.** All references to "Equipment" shall include software and/or software licenses. Notwithstanding any contrary language in the Agreement, Debtor understands that the Supplier shall continue to retain title to the equipment described as computer software or license. The Debtor hereby grants to Secured Party a security interest in all of its right, title and interest in and to the Equipment, including the software, as same may be modified, corrected, supplemented or advanced from time to time. Secured Party shall have all the rights of a secured creditor under the Uniform Commercial Code (the "UCC") with respect to the Equipment. Debtor shall not be permitted to assign its interest hereunder or sublease said License or use of the Equipment to any other person or entity without both Secured Party's and Supplier's prior written consent, which may be declined for any reason. Debtor shall have no right, title or interest in the Equipment or License except as expressly provided herein and in any license agreement with the Supplier.

Debtor hereby acknowledges receiving a copy of said license agreement, the terms of which are incorporated by reference herein. Debtor agrees to be bound by the terms and conditions of said License and agrees to indemnify and hold Secured Party harmless from and against all claims, losses, liabilities, damages, judgment, suits and all legal proceedings and expenses in connection therewith, arising out of the possession, use and operation of the Equipment or arising out of Debtor's breach of the terms of the license agreement. This indemnity shall be in addition to that provided in the Agreement.

**10. Personal Property:** The Collateral will be and shall remain personal property and, if required by us, you will obtain real property waivers satisfactory to us. You will keep the Collateral free from any and all liens and encumbrances. You shall give us immediate notice of any attachment or other judicial

process, liens or encumbrances affecting the Collateral. You hereby authorize us and appoint us as your attorney-in-fact with the power of attorney to file this Agreement and any financing statement(s) or security agreement(s) with respect to the Collateral in any state in the United States. You further authorize us to file this Agreement and such financing statements or security agreements without your signature thereon. If your signature on any financing statement is required by law, you shall execute such supplemental instruments and financing statements we deem to be necessary and advisable and shall otherwise cooperate to defend our title by filing or otherwise. You also agree to pay us on demand filing, registration and releasing fees prescribed by the UCC or other law. Any Collateral that is subject to title registration laws shall be titled and registered as directed by us, and we shall maintain physical possession of the title until this Agreement is paid in full.

**11. Default; Remedies:** If you do not pay when due or if you breach or fail to perform any of your other covenants and promises under this Agreement or any other agreement entered into by you and held or serviced by us or if you declare bankruptcy or insolvency or if you terminate your entity existence or take any actions regarding the cessation or winding up of your business affairs, you will be in default. If you are in default, at our election, we can accelerate and require that you pay, as reasonable liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to (i) all accrued and unpaid amounts, and (ii) the remaining payments. We can also pursue any of the remedies available to us under the UCC or any other law. In addition, you agree to pay our reasonable attorneys' fees and actual costs including repossession and collection costs, and all non-sufficient funds charges and similar charges.

**12. Late Charge:** If any part of a payment is late, you agree to pay a late charge equal to the lesser of (a) the greater of 10% of the payment or $25.00 or (b) the maximum amount permitted by applicable law.

**13. Assignment; Inspection:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN, LEASE OR ENCUMBER THE COLLATERAL OR THIS AGREEMENT. We may sell, transfer, assign, or encumber this Agreement. You agree that if we sell, transfer, assign, or encumber this Agreement, the assignee will have the rights and benefits that we assign to the assignee and will not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set-offs that you may have against us. We and our agents and representatives shall have the right at any time during regular business hours to inspect the Collateral and for that purpose to have access to the location of the Collateral.

**14. Risk of Loss:** You hereby assume and shall bear the entire risk of loss, theft, damage and destruction of the Collateral from any cause whatsoever and no loss, theft, damage or destruction of the Collateral shall relieve you of the obligation to make scheduled payments or any other obligation under this Agreement, and this Agreement shall remain in full force and effect except as provided below. You shall promptly notify us in writing of such loss, theft, damage or destruction. If damage of any kind occurs to any item of Collateral, you, at your option, shall at your expense (a) place the item in good repair, condition or working order, or (b) if the Collateral cannot be repaired or is lost, stolen or suffers a constructive loss under an insurance policy covering the Collateral, pay to us the "Casualty Value." The Casualty Value will be equal to the total of (i) accrued and unpaid amounts, and (ii) the remaining payments discounted to present value using the Federal Funds rate as of the date of payment.

**15. Choice of Law; Consent to Jurisdiction; Venue:** This Agreement shall be interpreted and all rights and liabilities of the parties hereto and thereunder shall be determined and governed as to validity, interpretation, enforcement and effect, by the laws of the State of Nebraska. Without limiting the right of Secured Party to bring any action or proceeding against Debtor in the courts of other jurisdictions, Debtor hereby irrevocably submits to the jurisdiction of any State or Federal court located in Nebraska or to any other state where Secured Party has an office. Secured Party and Debtor expressly waive any right to a trial by jury.

**16. Miscellaneous:** During the term of this Agreement, you agree to provide us with all financial statements and copies of federal or state tax returns as we may reasonably request. If we supply you with labels, you shall label any and all items of Collateral and shall keep the same affixed in a prominent place. If any provision hereof or any remedy herein provided is found to be invalid under any applicable law, such provision shall be inapplicable and deemed omitted, but the remaining provisions hereof, including remaining default remedies, shall be given effect in accordance with the manifest intent hereof. You agree that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. You agree that the terms and conditions indicated above and on the first page are a complete and exclusive statement of our agreement and they may be modified only by written agreement signed by all of the parties hereto and not by course of performance. You agree that the original of this Agreement may be microfilmed or electronically duplicated and a photostatic copy of such microfilm or electronic duplication may be introduced in lieu of the original thereof and without further foundation. Debtor and Guarantor (if any) also agree that a facsimile copy of the Agreement and Guaranty with facsimile signatures may be deemed as an original and will be admissible as evidence of the Agreement and Guaranty. The parties hereto expressly waive the secondary evidence rule. You acknowledge receipt of a copy of this Agreement. You agree that this Agreement will be binding upon your successors, assigns, heirs and legal representatives. You agree that our waiver of any provision hereunder shall not constitute a waiver of any other matter. It is the express intent of the parties not to violate any applicable usury laws or to exceed the maximum amount of interest permitted to be charged or collected by applicable law, and any such excess payment will be applied to the payments, in inverse order of maturity, and any remaining excess will be refunded to you.

PAGE 2 OF 2

(Debtor's Initial)

# EQUIPMENT LIST

### AGREEMENT NUMBER: 917609

**SECURED PARTY:**
AXIS CAPITAL INC
308 NORTH LOCUST STREET
GRAND ISLAND NE 68801

**DEBTOR:**
K & S TRANSPORTATION, LLC
90330 HWY 9
LINEVILLE AL 36266

**EQUIPMENT QUANTITY AND DESCRIPTION:**

| | | |
|---|---|---|
| 1 | 2008 STOUGHTON A/R VAN TRAILER | 1DW1A532X8S052869 |
| 1 | 2008 STOUGHTON A/R VAN TRAILER | 1DW1A53268S052870 |
| 1 | 2008 STOUGHTON A/R VAN TRAILER | 1DW1A53288S052871 |
| 1 | 2008 STOUGHTON A/R VAN TRAILER | 1DW1A532X8S052872 |
| 1 | 2008 STOUGHTON A/R VAN TRAILER | 1DW1A53218S052873 |

A photocopy or facsimile of this Equipment List will be legally admissible under the "best evidence rule." A signed copy of this Equipment List sent by facsimile shall be treated as an original document and shall be admissible as evidence thereof, and all signatures thereon shall be binding as if manual signatures were personally delivered.

**AXIS CAPITAL INC**

By: _Melinda Kroeger_

Title: _Asst Sec_
Date: _2-27-08_

**K & S TRANSPORTATION, LLC**

By: _Cornelia Kerley_
CORNELIA KERLEY

Title: MEMBER
Date: 02/18/08

Exhibit "3"

# Southeastern
# Trailer Sales, LLC

www.setrailersales.com
jeff@setrailersales.com

26 Saint Mary Road

Lincoln, Alabama 35096
Phone: 205-763-8474
Fax: 205-763-8494
Toll Free: 800-860-3449

## Lufkin Trailers of Alabama
(Hwy 77) 26 St. Mary Rd.
Lincoln, AL. 35096
800-860-3449 / 205-763-8474 fax 205-763-8494

Invoice No. CC0062

## INVOICE

| Customer | |
|---|---|
| Name | K & S TRANSPORTATION, LLC |
| Address | 90330 HIGHWAY 9 |
| City | LINEVILLE        STATE AL      ZIP 36266 |
| Phone | (256) 396-2506 OFFICE        (256) 396-9178 FAX |

| Date | 2/6/2008 |
|---|---|
| Order No. | TIM KERLEY |
| Rep | JEFF WILSON |
| FOB | LINEVILLE, AL |

| Qty | Description | Unit Price | TOTAL |
|---|---|---|---|
| 5 | FIVE (5) NEW 2008 STOUGHTON 53' X 102" A/R VAN TRAILERS WITH NEW TIRES AND BRAKES.<br>VIN# 1DW1A532X8S052869<br>VIN# 1DW1A53286S052870<br>VIN# 1DW1A53288S052871<br>VIN# 1DW1A532X8S052872<br>VIN# 1DW1A53218S052873 | $19,370.00 | $96,850.00 |
| 5 | 12% FEDERAL EXCISE TAX<br>**OPTIONS INCLUDED**<br>AIR RIDE SLIDING TANDEM / LOGISTICS POSTS<br>UNDERCOATED HARDWOOD FLOOR / STEEL SCUFF<br>SWING REAR DOORS / DOCK BUMPERS<br>ALUMINUM ROOF / STEEL WHEELS<br>22.5 LP BRIDGESTONE TIRES / PERMIT HOLDER<br>HEAVY DUTY LANDING GEAR<br>**SHIP TO**<br>K & S TRANSPORTATION, LLC<br>90330 HIGHWAY 9<br>LINEVILLE, AL 36266 | $  2,159.00 | $   10,795.00 |

| | | |
|---|---|---|
| SubTotal | $ | 107,645.00 |
| STATE TAX 2% | $ | 1,935.00 |
| TITLE FEE | $ | 75.00 |
| TOTAL | $ | 109,655.00 |

**Payment Details**
● WIRE TRANSFER
○ CERTIFIED CHECK
○ CASH

CUSTOMER ACCEPTANCE

Office Use Only

*ALL USED EQUIPMENT SOLD IN "AS-IS" CODITION AND NO WARRANTY APPLIES. ALL NEW EQUIPMENT COVERED BY MANUFACTURER'S WARRANTY ONLY.*

*Thank You So Much For Your Business.*

19

# Exhibit "4"

HEMAR, ROUSSO & HEALD, LLP

RICHARD P. HEMAR
MA   J. ROUSSO
G   EL A. HEALD
STEPHEN E. JENKINS
WAYNE R. TERRY

MARY A. LAZARAN
ROBERT V. McKENDRICK*
MARTINA A. PORTER
SANDRA I. TIBERI*
JENNIFER W. CRASTZ
JEANNINE DEL MONTE-KOWAL
PETER J. VEIGUELA**
NATHAN H. HARRIS
IRWIN H. WITTLIN
RAFFI KHATCHADOURIAN
PAUL N. ANDONIAN*
NINETTE R. WASSEF
PAMELA L. COX
EDWARD S. KIM
MATTHEW R. RUNGAITIS††
DAVID M. KRITZER
MARY H. PARK

ATTORNEYS AT LAW
15910 VENTURA BOULEVARD
12TH FLOOR
ENCINO, CALIFORNIA 91436-2829
(818) 501-3800
FAX (818) 501-2985

*ALSO ADMITTED IN UTAH
*ALSO ADMITTED IN NEVADA
**ALSO ADMITTED IN ILLINOIS
††ALSO ADMITTED IN ARIZONA

IN REPLY REFER TO:

February 18, 2010

W. Russell Runnalls, CLP
Capital Network Leasing Corp.
Dustin White (Guarantor)
Blake Johnson (Guarantor)
2600 West Olive Ave, 7th Floor
Burbank, CA 91505

Re:  K & S Transportation

Dear Sirs:

Please be advised that we represent AXIS Capital, Inc. ("AXIS"). We have received a copy of AXIS' credit file on the above matter. After a careful review, we find clear grounds to require your company to repurchase the above lease obligation. Based upon our review, the vendor did not have title to the five Trailers which are subject to the Lease Agreement with K & S Transportation, which your company originated. As a result, your company is in breach of the Warranties set forth in the Lease Originator Agreement and Guaranty entered into with AXIS.

The purpose of this letter is to notify you of this breach, and to demand that you repurchase the Lease within 15 days of this letter. The current repurchase price is $110,556.40.

If you have not completed repurchase of the lease as demanded by the expiration date of this demand, we have been instructed to file a lawsuit. Please note that in the event that a lawsuit is filed, in addition to the present balance, you may be held responsible for payment of all attorney fees incurred by AXIS. Please guide yourselves accordingly.

HEMAR, ROUSSO & HEALD, LLP
ATTORNEYS AT LAW

W. Russell Runnalls, CLP
February 18, 2010
Page 2

Very truly yours,
HEMAR, ROUSSO & HEALD LLP

By: _____
    STEPHEN E. JENKINS

SEJ/ncg

Cc:   Client
      Lisa Clouatre; Axis Capital, Inc.

22

# EXHIBIT B

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

APR 14 2010

**NOTICE TO DEFENDANT:** CAPITAL NETWORK FUNDING, A
**(AVISO AL DEMANDADO):** California Corporation dba
CAPITAL NETWORK LEASING CORP. Also dba CAPNET
LEASING; DUSTIN WHITE; BLAKE JOHNSON; Does 1-100,
Inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:** AXIS CAPITAL, INC., a
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** corporation,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
SUPERIOR COURT OF THE STATE OF CALIFORNIA
300 E. OLIVE AVENUE
BURBANK, CA 91502

Glendale Superior Court
North Central District
600 East Broadway
Glendale, California 91206

| CASE NUMBER: (Número del Caso): | C 052759 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
STEPHEN E. JENKINS, ESQ., SBN 97642          (818) 501-3800   (818) 501-2985
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd.
Encino, California 91436-2829

DATE:
(Fecha)   APR 14 2010   JOHN A. CLARKE   Clerk, by MONA CRUZ, DEPUTY CLERK , Deputy
(Secretario)                                                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT   B

23

# EXHIBIT C

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NORTH CENTRAL - GLENDALE
600 EAST BROADWAY
GLENDALE CA 91205

RESERVED FOR CLERK FILE STAMP

FILED
APR 14 2010
LOS ANGELES
SUPERIOR COURT

## NOTICE OF ORDER TO SHOW CAUSE
## RE FAILURE TO COMPLY WITH TRIAL
## COURT DELAY REDUCTION ACT

CASE NUMBER:

EC 0 5 2 7 5 9

### TO THE PLAINTIFF(S) AND/OR THEIR ATTORNEY(S) OF RECORD:

Pursuant to California Rules of Court, Rule 3.110, all complaints shall be served and a proof of service thereof shall be filed within 60 days of the date the complaint is filed, unless the defendant makes an appearance within that 60 days. Plaintiff's failure to meet this deadline may result in sanctions.

**PLEASE TAKE NOTE** that this matter is set for an order to show cause why the plaintiff should not be sanctioned for failure to comply with the rules described above on:

| Date: JUN 2 9 2010 | Time: 8:30 am | Dept.: GLENDALE NC – D/E |
| Address: 600 EAST BROADWAY, GLENDALE, CA 91205 | | |

At such time and place, the Court may (1) impose such sanctions as are authorized by law, including dismissal for failure to prosecute (Code of Civil Procedure Section 583.150 and Government Code Section 68608(b)) and (2) make further appropriate orders regarding the preparation of the case for trial.

**PLEASE TAKE FURTHER NOTICE** that no appearance is necessary at the hearing set forth above if there is (1) a proof of service filed and/or (2) an appearance in the action (i.e. by answer, demurrer, or motion contesting jurisdiction) by each named defendant BEFORE the date set for hearing. Plaintiff's appearance is MANDATORY, however, if any named defendants remain unserved at the date set for the hearing.

Date: _____ APR 1 4 2010 _____

_Mary Thornton House_

Judge of the Superior Court

MARY THORNTON HOUSE
SUPERVISING JUDGE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF ORDER TO SHOW CAUSE RE FAILURE TO COMPLY WITH TRIAL COURT DELAY REDUCTION ACT upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party a copy of this notice upon filing of the complaint.

| | |
|---|---|
| | |

Date: _____ APR 1 4 2010 _____

John A. Clarke  Executive Officer / Clerk

By: _Mona Cruz_ , Deputy Clerk

MONA CRUZ, DEPUTY CLERK

EXHIBIT ___C___

24

# EXHIBIT D

## COUNTY OF LOS ANGELES

| COURHOUSE ADDRESS: | |
| PLAINTIFF: | ORIGINAL FILED |
| DEFENDANT: | APR 14 2010 |

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
SUPERIOR COURT
EC 052759

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: **SEP 01 2010**    Time: 8:30 AM    Dept.: D / E

Pursuant to California Rules of Court, rule 212, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference.  The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order dismissing fictitious/unnamed defendants; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 200 et seq.

Date: **APR 14 2010**

_____
Judge of the Superior Court   MARY THORNTON HOUSE
SUPERVISING JUDGE

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the NOTICE OF CASE MANAGEMENT CONFERENCE upon each party or counsel named below:

☐ By depositing in the United States mail at the courthouse in Burbank, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☒ by personally giving the party a copy of this notice upon filing of the complaint.

| | |
| | |

Date: **APR 14 2010**

John A. Clarke, Executive Officer / Clerk

By: _____
Deputy Clerk
MONA CRUZ, DEPUTY CLERK

CIV 132 10-03
LASC Approved

**NOTICE OF CASE MANAGEMENT CONFERENCE**
CRC, rule 212
LASC Local Rules, Chapter Seven

EXHIBIT  D

25

# EXHIBIT E

| | |
|---|---|
| Entity Name: | AXIS CAPITAL INC. |
| Entity Number: | C2880503 |
| Date Filed: | 05/09/2006 |
| Status: | ACTIVE |
| Jurisdiction: | NEBRASKA |
| Entity Address: | PO BOX 2555 |
| Entity City, State, Zip: | GRAND ISLAND NE 68802 |
| Agent for Service of Process: | NATIONAL REGISTERED AGENTS, INC. |
| Agent Address: | 2875 MICHELLE DR STE 100 |
| Agent City, State, Zip: | IRVINE CA 92606 |

EXHIBIT __E__

26

# EXHIBIT F

1 | Andrew K. Alper (State Bar No. 088876)
aalper@frandzel.com
2 | FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
3 | Seventeenth Floor
Los Angeles, California  90048-4920
4 | Telephone: (323) 852-1000
Facsimile: (323) 651-2577
5 |
Attorneys for Defendants CAPITAL NETWORK
6 | FUNDING, DUSTIN WHITE and BLAKE
JOHNSON
7 |

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF LOS ANGELES, NORTH CENTRAL DISTRICT**

10 |

11 | AXIS CAPITAL, a corporation ,                          CASE No. EC 052759

12 |                    Plaintiff,              **NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL**

13 | v.                                        **COURT (28 U.S.C. § 1441(B)(DIVERSITY**

14 | CAPITAL NETWORK FUNDING, A
California Corporation dba CAPITAL
15 | NETWORK LEASING CORP. Also dba
CAPNET LEASING; DUSTIN WHITE;
16 | BLAKE JOHNSON; Does 1-100, Inclusive ,

17 |                    Defendants.

18 |

19 |     TO PLAINTIFF HEREIN AND TO ITS ATTORNEYS OF RECORD:

20 |     PLEASE TAKE NOTICE that Notice of Removal of this action was filed in the United

21 | States District Court for the Central District of California, Los Angeles Division, on _____,

22 | 2010, Federal Court Case No. _____.  A copy of said Notice of Removal is attached to

23 | this Notice and is served and filed herewith.  Upon receipt of the other pleadings and papers from

24 |

25 |

26 |

27 |

28 |
714085.1 | 100573-0001                    EXHIBIT ___F___

1

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT (28 U.S.C. SECTION
1441(B)(DIVERSITY

27

the District Court including the assignment of the Magistrate and other documents or orders, a further amended Notice of Removal will be provided to Plaintiff and to the Court.

DATED: June 4, 2010                        FRANDZEL ROBINS BLOOM & CSATO, L.C.


                                           By: _____
                                               ANDREW K. ALPER
                                               Attorneys for Defendants CAPITAL NETWORK
                                               FUNDING, DUSTIN WHITE and BLAKE
                                               JOHNSON

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

2

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT (28 U.S.C. SECTION 1441(B)(DIVERSITY

28

# PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920

On June 4, 2010, I served true copy(ies) of the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such document(s) were placed in envelopes addressed to the person(s) served hereunder for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐ **BY FAX TRANSMISSION:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (323) 651-2577. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY E-MAIL:** At approximately _____, I caused said document(s) to be transmitted by electronic mail. The name(s) and e-mail addresses of the person(s) served are set forth in the service list. The document was transmitted by electronic transmission and without error.

**BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on June 4, 2010, at Los Angeles, California.

_Evelyn Kidder_
Evelyn Kidder

1

**SERVICE LIST**

2    Stephen E. Jenkins, Esq.
HEMAR, ROUSSO & HEALD, LLP
3    15910 Ventura Boulevard
12th Floor
4    Encino, California 91436

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

714059.1 | 100573-0001

6

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
AXIS CAPITAL, INC., a corporation

**DEFENDANTS**
CAPITAL NETWORK FUNDING, a California corporation dba
CAPITAL NETWORK LEASING CORP. also dba CAPNET
LEASING; DUSTIN WHITE; BLAKE JOHNSON

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephen E. Jenkins, Esq.
Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2829
(818) 501-3800

Attorneys (If Known)
Andrew K. Alper, Esq.
Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Blvd., 17th Floor
Los Angeles, California 90048-4920
(323) 852-1000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  **☒ MONEY DEMANDED IN COMPLAINT: $** $110,556.40

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R.& Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number:  **CV10 4201**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Nebraska |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Nebraska |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _Andrew K. Alper_    Date  June 4, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV10- 4201 GHK (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.