E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4201-GHK (PJWx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | *Axis Capital, Inc. v. Capital Network Funding, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order re: Defendants' Motion to Dismiss

    Defendants Capital Network Funding, Dustin White, and Blake Johnson (collectively, "Defendants") have moved to dismiss Plaintiff Axis Capital, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion").  Plaintiff failed to file any Opposition to this Motion.  We have considered the papers filed in support of this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15.  The hearing set for August 9, 2010 is hereby **TAKEN OFF CALENDAR** and the hearing date is **VACATED**.

**I.     Motion to Dismiss**

    In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  This pleading standard is not satisfied by "'naked assertion[s]' devoid of 'further factual enhancement'" or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

    In considering a motion to dismiss, review is generally limited to the contents of the complaint and we must accept as true the complaint's factual allegations and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of a pleading for all purposes."  FED. R. CIV. P. 10(c).  Consequently, we may disregard "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Nor must we accept as true legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Claims should be dismissed only when there is either a "lack of a cognizable legal theory or the absence of sufficient facts

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4201-GHK (PJWx) | Date | July 30, 2010 |
|---|---|---|---|
| Title | *Axis Capital, Inc. v. Capital Network Funding, et al.* | | |

alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### II. Plaintiff's Non-Opposition to Defendants' Motion

The deadline for a timely Opposition to this Motion has passed, and Plaintiff has failed to file an Opposition. *See* L.R. 7-9. Local Rule 7-12 provides:

> **Failure to File Required Papers**. The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.

Thus, pursuant to L.R. 7-12, Plaintiff's failure to file an Opposition is deemed its non-opposition to Defendants' Motion and its consent to the granting of the relief sought. *See also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995). As such, Defendants' Motion is **GRANTED**. However, we have also considered the arguments contained in Defendants' moving papers and conclude that they support granting the Motion as well.

### III. Conclusion

In light of the foregoing discussion, Defendants' Motion is hereby **GRANTED**, and this action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |